IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOLOAA FARMS LLC; EL PASO INVESTMENTS LIMITED LIABILITY COMPANY; BOCA HOLDINGS, LLC; ROBERT B. LINDNER, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012,<br><br>              Plaintiffs,<br><br>        vs.<br><br>KAUAI PLANNING COMMISSION; COUNTY OF KAUAI; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES, 1-10,<br><br>              Defendants. | CIV. NO. 20-00020 HG-KJM |

**ORDER DENYING THE COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT (ECF No. 18)**

Plaintiffs Moloaa Farms LLC, El Paso Investments Limited Liability Company, Boca Holdings, LLC, and Robert Lindner, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012 (referred herein collectively as "Lindner Plaintiffs") own a property in the Agricultural District on the island of Kauai, consisting of approximately 134 acres identified by TMK No. (4)4-9-009-001 ("Lot 2").

Lot 2 was previously part of a larger tract of land consisting of 757 acres in the Agricultural District. In 1998, the property was divided into two lots and a separate roadway area. Lot 1, consisting of approximately 590 acres, was subdivided and leased to farmers. Lot 2 remains undivided

1

following the subdivision in 1998.

The Lindner Plaintiffs submitted an application for subdivision of Lot 2 with the County of Kauai Planning Department pursuant to the Kauai County Zoning Ordinance and the Kauai County Subdivision Ordinance.

On January 22, 2019, the County Planning Department denied the first application.  Following the denial, the Lindner Plaintiffs appealed the Planning Department's decision to the Kauai County Planning Commission.

The Commission held a meeting on April 9, 2019, where the Lindner Plaintiffs' petition was scheduled as a "General Business Matter."  The Commission denied the petition without holding a Contested Case Hearing or without referring the matter to a Hearings Officer.

On May 8, 2019, the Lindner Plaintiffs submitted a second application for subdivision of Lot 2 with the County of Kauai Planning Department.  The County Planning Department again denied the application.  The Lindner Plaintiffs appealed the decision to the County of Kauai Planning Commission a second time.

 The Commission held a meeting on June 25, 2019, where the Lindner Plaintiffs' petition was again scheduled as a "General Business Matter."  At the meeting, the Kauai Planning Commission denied the appeal without holding a Contested Case Hearing.

Four months later, on October 29, 2019, the Kauai Planning Commission sent a letter to the Lindner Plaintiffs stating that

the Planning Commission had referred their appeal to a Hearings Officer.

On January 2, 2020, the appointed Hearings Officer sent an e-mail to the Parties to schedule a hearing.

On January 15, 2020, the Lindner Plaintiffs filed suit in this Court against the County of Kauai and the Kauai Planning Commission (hereinafter "County Defendants"), seeking review of the Commission's decision denying their applications for subdivision of Lot 2.  The Lindner Plaintiffs claim that the County Defendants violated the Taking Clause of the Fifth Amendment to the United States Constitution.  The Lindner Plaintiffs also claim the County Defendants violated their rights to Due Process and Equal Protection pursuant to the United States Constitution.  The Lindner Plaintiffs seek declaratory and equitable relief.

On February 19, 2020, the Hearings Officer issued a Minute Order dismissing the Lindner Plaintiffs' appeal before the Planning Commission.

On March 18, 2020, the Planning Commission sent a letter to Plaintiffs.  In the March 18, 2020 letter, the County claims that the October 29, 2019 letter referring the appeal to a Hearings Officer was sent in error.

Two days later, on March 20, 2020, the County Defendants filed a Motion to Dismiss which is before this Court.  The Motion asserts that this Court lacks subject-matter jurisdiction over

the Complaint based on the doctrine of res judicata.

The County Defendants' Motion to Dismiss (ECF No. 18) is **DENIED.**

## PROCEDURAL HISTORY

On January 15, 2020, Plaintiffs Moloaa Farms LLC, El Paso Investments Limited Liability Company, Boca Holdings, LLC, and Robert Lindner, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012 (referred herein collectively as "Lindner Plaintiffs") filed a Complaint.  (ECF No. 1).

On March 20, 2020, the County Defendants filed a MOTION TO DISMISS COMPLAINT.  (ECF No. 18).

On May 1, 2020, the Lindner Plaintiffs filed the Opposition. (ECF No. 25).

On June 1, 2020, the County Defendants filed their Reply. (ECF No. 26).

On July 15, 2020, the Court held a telephonic hearing on Defendants' Motion to Dismiss.  (ECF No. 30).

On August 7, 2020, the Lindner Plaintiffs filed a Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss.  (ECF No. 33).

On August 13, 2020, the Court issued a Minute Order granting Plaintiffs' Motion and deeming their Supplemental Brief as filed. (ECF No. 34).  The Court ordered Defendants to respond to the Supplemental Brief and answer four questions the Court put forward.  (Id.)

4

On September 14, 2020, Defendants filed their Response to Plaintiffs' Supplemental Brief.  (ECF No. 40).

## BACKGROUND

Plaintiffs Moloaa Farms LLC, El Paso Investments Limited Liability Company, Boca Holdings, LLC, and Robert Lindner, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012 (referred hereinafter collectively as "Lindner Plaintiffs") allege that they own real property in the Agricultural District on the island of Kauai near Moloaa, consisting of approximately 134 acres identified by TMK No. (4)4-9-009-001 ("Lot 2"). (Complaint at ¶¶ 1, 16, 23, ECF No. 1).

Lot 2 was previously part of a 724-acre parcel that was subdivided in 1998 when the County of Kauai Planning Commission granted a variance permit to divide the large parcel into Lot 1, Lot 2, and a roadway lot.  (Id. at ¶ 23).  The 1998 Variance required the lot density of future subdivisions to be based on the overall size of the original 724 acre parcel, as set forth in Kauai County Comprehensive Zoning Ordinance § 8-1.5.  (Id. at ¶ 25).

According to the Complaint, in February 2000, the Kauai Planning Commission approved a subdivision of Lot 1 into multiple agricultural lots.  (Id. at ¶¶ 33-36).

**LINDNER PLAINTIFFS' FIRST APPLICATION FOR SUBDIVISION OF LOT 2**

Article 8 of the Kauai County Comprehensive Zoning Ordinance governs zoning in the Agricultural Districts in the County of Kauai.  The County of Kauai has a separate Subdivision Ordinance, set forth in Chapter 9 of the Kauai County Comprehensive Zoning Ordinance, that governs subdivision of lands on Kauai.

Pursuant to these provisions of the Kauai County Comprehensive Zoning Ordinance and the Subdivision Ordinance, on January 16, 2019, the Lindner Plaintiffs filed an application for subdivision of Lot 2 with the Kauai Planning Department.  (Id. at ¶ 41).

On January 22, 2019, the Kauai Planning Department sent a memorandum to the Lindner Plaintiffs stating that the Department was "unable to process" the subdivision application.  (Letter from the Planning Department to Plaintiffs, dated January 22, 2019, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 18-2).  The Department explained that the subdivision application was deficient because it was not filed jointly with the owners of Lot 1 and because it did not meet the minimum lot size requirements based on the original 724 acre parcel.  (Id.)  The letter explained the basis for the denial pursuant to the Kauai County Zoning Ordinance, as follows:

> Pursuant to Section 8-8.3(b)(2) "Contiguous lots of parcels of record in common ownership existing to or on September 1, 1972, larger than three hundred (300) acres, may be subdivided," as prescribed in Section 8-8.3(b)(2) of the Kauai County Code (1987).

Historically, the applicant's lot and the adjacent lot
(Moloaa Hui) was a contiguous parcel of record existing
prior to September 1, 1971.  Considering the
applicant's subdivision request, a joint subdivision
applicant needs to be filed with the adjacent property
owner to meet this CZO requirement.

Pursuant to 8-8.3(b)(2)(A)&(B) "A maximum if [sic]
seventy-five (75) acres may be subdivided into not more
than ten (10) parcels, none of which shall be smaller
than five (5) acres.  An additional twenty percent
(20%) of the total parcel area or three hundred (300)
acres, whichever is less, may be subdivided into
parcels, none of which shall be smaller than twenty-
five (25) acres."  Currently, the subdivision
application does not comply with the minimum lot size
requirements within the Agricultural District, as
prescribed in Section 8-8.3(b)(2)(A)&(B) of the Kauai
County Code (1987).

(Id.)

**LINDNER PLAINTIFF'S FIRST APPEAL OF THE DENIAL OF THE APPLICATION
FOR SUBDIVISION OF LOT 2**

On March 22, 2019, the Lindner Plaintiffs appealed the

Planning Department's decision to the Kauai Planning Commission.

(Petition to Appeal Director's Rejection of Moloaa Farms LLC's

Subdivision Application, attached as Ex. B to Def.'s Motion to

Dismiss, ECF No. 18-3).

Chapter 9 of the Rules of Practice and Procedure of the

Kauai County Planning Commission sets forth the procedure for an

appeal from the Kauai Planning Department.  Submission of an

appeal requires a petition setting forth the reasons for the

appeal, including a statement as to why the appellant believes

that the Director's action was based on an erroneous finding of a

material fact, or that the Director had acted in an arbitrary or

capricious manner, or had manifestly abused his discretion.
Kauai Commission Rules of Practice § 1-9-2(6).

The Parties agree that the Plaintiffs' appeal to the
Planning Commission fulfilled the requirements of Section 1-9-
2(1)-(6).  (Def.'s Supp. Brief at p. 8, ECF No. 40).

Plaintiffs' appeal was subject to Sections 1-9-3 and 1-9-4
of the Kauai Planning Commission Rules of Practice.  Such appeals
are to be decided as a Contested Case hearing before the Planning
Commission itself.  See Kauai Planning Commission Rules of
Practice §§ 1-9-3 and 1-9-4.  Alternatively, the Planning
Commission may refer the appeal to a Hearings Officer who makes a
recommendation to the Planning Commission.  Id.

Pursuant to Rule 1-9-3:

[T]he Director shall place the petition on the
Commission agenda and the Commission shall afford the
appellant an opportunity to be heard.  **Such Contested
Case Hearing shall be conducted in conformity with the
applicable provisions established herein for Contested
Case Hearings before the Commission in Chapter 6 of
these Rules**.

Kauai Commission Rules of Practice § 1-9-3 (emphasis added).

Contested Hearings are conducted pursuant to Chapter 6 of
the Rules of Practice and Procedure of the Kauai County Planning
Commission.

Pursuant to Chapter 6, notice of a Contested Case Hearing
shall be served upon all parties and persons **at least 15 days**
prior to the hearing.  Kauai Commission Rules of Practice § 1-6-5
(emphasis added).

8

Chapter 6 of the Rules of Practice and Procedure of the Kauai County Planning Commission sets forth the order of agency hearing procedure (Section 1-6-11), the procedure for filing motions (Section 1-6-16), the procedure for admitting evidence (Section 1-6-17), and the post-hearing procedure (Section 1-6-18).

The notice of final decision is required to be served in writing by the Planning Commission Director on the Parties. Section 1-6-18(g).  The Rules also explain that an appeal of the final decision by the Planning Commission may be reviewed in the Hawaii State Circuit Court.  Section 1-6-18(i).

**April 9, 2019 Meeting Before The Kauai Planning Commission**

On April 3, 2019, the Kauai Planning Commission published an agenda for its April 9, 2019 meeting.  (Agenda for April 9, 2019 Kauai Planning Commission Regular Meeting, attached as Ex. C to Def.'s Motion to Dismiss, ECF No. 18-4).  The agenda indicates that the Lindner Plaintiffs' March 22, 2019 petition was scheduled as a "General Business Matter" for the April 9, 2019 meeting.  There is no evidence in the record that the Agenda was served on the Linder Plaintiffs fifteen days prior to the meeting as required pursuant to Kauai Commission Rules of Practice § 1-6-5.

On April 9, 2019, the Kauai Planning Commission held a meeting.  (Minutes from the April 9, 2019 Kauai Planning

Commission Regular Meeting, attached as Ex. D to Def.'s Motion to Dismiss, ECF No. 18-5).  Neither Plaintiff Robert B. Lindner, Jr., nor any other representative for any of the Lindner Plaintiffs appeared at the meeting.  (Id.)

The Kauai Planning Commission denied the Linder Plaintiffs' appeal as untimely.  The attorney for the County of Kauai explained as follows:

> So this is actually very simple matter because the Moloaa Farms did not timely file there [sic] notice of petition with respect requesting a contested case hearing so they are not entitled to a hearing because they didn't file their appeal within the 15 day window of opportunity.  So while there may be substantive issues that they think are at issue, this is really just a technical matter.  Procedurally they just were not, they did not timely file their notice.

(Id. at p. 3).

The Minutes for the Kauai Planning Commission's meeting indicate that the Commission dismissed the Lindner Plaintiffs' appeal.  (Id. at p. 6).

**LINDNER PLAINTIFFS' SECOND APPLICATION FOR SUBDIVISION OF LOT 2**

On May 8, 2019, the Lindner Plaintiffs filed a second application for subdivision of Lot 2 with the Kauai Planning Department.  (Pla.'s Opp. at p. 14, ECF No. 50).

On May 14, 2019, the Kauai Planning Department sent a memorandum to the Lindner Plaintiffs rejecting their second subdivision application.  (Letter from the Planning Department to Plaintiffs dated May 14, 2019, attached as Ex. E to Def.'s Motion

10

to Dismiss, ECF No. 18-6).  The Planning Department explained that the second application suffered from the same deficiencies explained in its January 22, 2019 letter denying Plaintiffs' first subdivision application.  (Id.)

**LINDNER PLAINTIFF'S APPEAL OF THE DENIAL OF THE SECOND APPLICATION FOR SUBDIVISION OF LOT 2**

On May 17, 2019, the Lindner Plaintiffs appealed the Kauai Planning Department's denial of their second subdivision application.  (Petition to Appeal Director's Rejection of Moloaa Farms LLC's Subdivision Application, attached as Ex. F to Def.'s Motion to Dismiss, ECF No. 18-7).

**June 25, 2019 Meeting Before The Kauai Planning Commission**

On June 19, 2019, the Kauai Planning Commission published its agenda for the June 25, 2019 meeting. (Agenda for June 25, 2019 Kauai Planning Commission Regular Meeting, attached as Ex. G to Def.'s Motion to Dismiss, ECF No. 18-8).  The agenda indicates that the Lindner Plaintiffs' May 17, 2019 petition was scheduled as a "General Business Matter" for the June 25, 2019 meeting.

There is no evidence in the record that the Agenda was served on the Lindner Plaintiffs fifteen days prior to the meeting as required pursuant to Kauai Commission Rules of Practice § 1-6-5.

On June 19, 2019, the Director of the Kauai Planning Department provided a Memorandum to the Kauai Planning

11

Commission.  (Memorandum from Kaaina S. Hull, Director of the
Planning Department, to the Kauai Planning Commission, dated June
19, 2019, attached as Ex. H to Def.'s Motion to Dismiss, ECF No.
18-9).  The Memorandum provided the Planning Commission with the
Planning Department's legal basis for which it was recommending
denying the Lindner Plaintiffs' appeal.

On June 25, 2019, the Kauai Planning Commission held a
meeting for which Plaintiffs' appeal was scheduled as a General
Business Matter.  (Minutes from the June 25, 2019 Kauai Planning
Commission Regular Meeting, attached as Ex. I to Def.'s Motion to
Dismiss, ECF No. 18-5).  The Lindner Plaintiffs did not appear at
the meeting.  (Id. at p. 2).

The Commission considered the merits of the Lindner
Plaintiffs' appeal at the June 25, 2019 meeting.  (Id. at p. 3).
The Director for the Kauai Planning Department, Kaaina S. Hull,
stated on the record the Planning Department's findings, as
follows:

> Well, if, if the representative of Mr. Lindner isn't
> here, um, the Department wrote a memorandum to the
> petition.  Essentially the applicant was—has been a
> try—attempting to apply for a subdivision application
> for 765 acres, somewhere, 45 acres.  Seven
> hundred-approximately 7 and some odd acres.  Um, the
> property was—is, is within the State Land Use
> Agriculture District and in the County Zoning
> Agriculture District.  And uh, the um-sorry.  The uh,
> application had been rejected by the Department
> numerous times because that property has been
> previously subdivided.  And as you all are well aware,
> the County of Kauai has a one-time subdivision AG rule.
> Now, when it was initially subdivided, it actually got
> a variance permit waiving it from the one-time
> subdivision agricultural rule.  Uh, but in the

conditions of approval, uh, it explicitly states that it can—the property can be re—re-resubdivided with the full 700 and some odd acres between lots 1 and 2 coming together as a, as an application and applying the 77 density units that it's entitled to.  The petitioner has been attempting to come in with just his one lot and not the second lot, uh, for subdivision.  And so because of that condition, we've been rejecting it.  Um, it, it's a requirement of that condition.  I mean, they can come in to amend that variance and original subdivision application, or they can apply for a variance.  But a cold, hard—uh, uh, straightforward, narrow subdivision application, the Department just can't accept it.  It's almost akin to kind of, you know, I don't mean to use a hyperbole, but it is akin to somebody coming in with like a nuclear power plant and asking to do it with a Class I Zoning Permit.  We just can't accept that application.  Are there processes that we can accept that application?  Yes, and the applicant has to apply for those processes.  But under just a uh, specific subdivision application to subdivide that property, it's not a, it's not, it's not permissible.  It's not legal.  Um, so they do have the right under the um, rules of the Commission to appeal the Director's determination that we can't accept the application, but as I remember it states – it's a very cut and dried situation of um, really we're recommending denial of the petition to appeal and um, that the applicant submit through the appropriate process to apply to subdivide, subdivide that, that, that–the two properties.

(Id.)

On July 2, 2020, the Commission sent a letter to the Lindner Plaintiffs' counsel informing him of its decision to deny the appeal at the June 25, 2019 meeting.  (Letter dated July 2, 2019 from the Kauai Planning Commission to Tim H. Irons, attached as Ex. J to Def.'s Motion to Dismiss, ECF No. 18-11).

**October 29, 2019 Letter Referring Matter To Hearings Officer**

On October 29, 2019, the Kauai Planning Commission sent a

letter to the Lindner Plaintiffs stating that the Planning Commission had referred their appeal to the Office of Boards and Commission to appoint a Hearings Officer to conduct a Contested Case Hearing.  (October 29, 2019 Letter from Kauai Planning Commission to the Parties, attached as Ex. L to Def.'s Supp. Brief, ECF No. 40-2).

On January 2, 2020, the appointed Hearings Officer, Harlan Kimura, sent an e-mail to the Parties.  (E-mail dated January 2, 2020 from Hearings Officer Harlan Y. Kimura, Esq., attached as Ex. 2 at p. 3 to Pla.'s Opp., ECF No. 25-4).  The email informed the Parties that Mr. Kimura had been appointed by the Office of Boards and Commission for the County of Kauai to conduct a Contested Case Hearing on the Lindner Plaintiffs' appeal from the Kauai Planning Department.  (Id.)

**Lawsuit Filed In This Court**

On January 15, 2020, the Lindner Plaintiffs filed their Complaint against the County Defendants in this Court. (Complaint, ECF No. 1).

On January 31, 2020, the Lindner Plaintiffs' counsel e-mailed the Kauai County Hearings Officer and attached a Motion for Stay, seeking to stay the administrative proceeding before the Hearings Officer.  (January 31, 2020 e-mail from Courtney A. Vega, attached as Ex. 2 to Pla.'s Opp., ECF No. 25-4).

**Kauai Planning Commission's February 19, 2020 Dismissal Of Plaintiffs' Administrative Appeal**

On February 19, 2020, Hearings Officer Kimura issued a Minute Order dismissing the Lindner Plaintiffs' case before the Planning Commission.  (Minute Order Dismissing Contested Case dated February 19, 2020, attached as Ex. 3 to Pla.'s Opp., ECF No. 25-5).

On March 18, 2020, the Planning Commission sent a letter to Plaintiffs indicating that the October 29, 2020 letter referring the matter to a Hearings Officer was "sent in error."  (Letter dated March 18, 2020, attached as Ex. M to Def.'s Supp. Brief, ECF No. 40-3).  The nature of the error was not explained in the letter.

The County Defendants have filed a Motion to Dismiss for lack of subject-matter jurisdiction.  The County Defendants argue that the Lindner Plaintiffs' claims in the Complaint are barred from judicial review by this Court pursuant to the doctrine of res judicata.

<u>**STANDARD OF REVIEW**</u>

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist.  <u>Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction

when the Court lacks a constitutional or statutory basis to adjudicate the controversy.  Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction.  Id.  A facial challenge, therefore, mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  No presumptive truthfulness attaches to the Complaint's allegations.  Id.  The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden

of establishing subject matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009).  Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal.  Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

The Ninth Circuit Court of Appeals has found that claim preclusion defenses such as res judicata are jurisdictional and may be considered by way of a Rule 12(b)(1) motion to dismiss. Gupta v. Thai Airways Int'l. Ltd., 487 F.3d 759, 763, 765 (9th Cir. 2007); see Villegas v. United States, 963 F.Supp.2d 1145, 1158 (E.D. Wash. 2013).

## ANALYSIS

### I.   Judicial Notice

A motion to dismiss based on res judicata is a factual attack on subject-matter jurisdiction that permits the court to review evidence beyond the complaint.  Hawaiian Kingdom ex rel. Lewis v. United States, Civ. No. 11-00657 DAE-KSC, 2012 WL 630051, *3 (D. Haw. Feb. 27, 2012) (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

The Court may take judicial notice of certain facts in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by reviewing sources of reasonably indisputable

accuracy are subject to judicial notice.  Fed. R. Evid. 201.

Defendants County of Kauai and Kauai Planning Commission

request judicial notice of the following documents:

Exhibit A:      January 22, 2019 Memorandum from Planning
                Department to Moloaa Farms LLC regarding
                deficiencies of the January of 2019
                application (ECF No. 18-2);

Exhibit B:      March 22, 2019 Petition to Appeal Director's
                Rejection of Moloaa Farms LLC's Subdivision
                Application (ECF No. 18-3);

Exhibit C:      Agenda for April 9, 2019 Kauai Planning
                Commission Regular Meeting (ECF No. 18-4);

Exhibit D:      Minutes from April 9, 2019 Kauai Planning
                Commission Regular Meeting (ECF No. 18-5);

Exhibit E:      May 14, 2019 Letter sent by Kauai Planning
                Department to Plaintiffs rejecting second
                Subdivision Application (ECF No. 18-6);

Exhibit F:      May 21, 2019 Petition to Appeal Director's
                Rejection of Moloaa Farms LLC's second
                Subdivision Application (ECF No. 18-7);

Exhibit G:      Agenda for June 25, 2019 Kauai Planning
                Commission Regular Meeting (ECF No. 18-8);

Exhibit H:      June 19, 2019 Memorandum to Planning
                Commission from Planning Department re:
                Plaintiffs' Petition to Appeal (ECF No. 18-
                9);

Exhibit I:      Minutes from June 25, 2019 Kauai Planning
                Commission Regular Meeting (ECF No. 18-10);

Exhibit J:      July 2, 2019 Letter sent by Kauai Planning
                Commission to Plaintiffs' Counsel stating
                denial of Petition decided at June 25, 2019
                meeting (ECF No. 18-11);

Exhibit K:      Kauai County Zoning Ordinance 8-8.3 (ECF No.
                18-12);

Exhibit L:      October 29, 2019 Letter sent by Kauai
                Planning Commission to the Parties' Counsel

18

stating that the Plaintiffs' appeal was being referred to the Officer of Boards and Commission's to conduct procure a hearings officer to conduct a contested case hearing (ECF No. 40-2); and,

Exhibit M:      March 18, 2020 Letter sent by Kauai Planning Commission stating that the October 29, 2019 letter "was sent in error." (ECF No. 40-3).

The Court takes judicial notice of Exhibits A-J and L-M attached to Defendants' Motion to Dismiss and Defendants' Supplemental Brief. The Court is permitted to take judicial notice of records and reports of state administrative bodies when reviewing a motion to dismiss. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004).

The Court need not take notice of Exhibit K as statutes, cases, and regulations are not "facts" within the meaning of Federal Rule of Evidence 201, and judicial notice of legal authority is not necessary and is not appropriate. Lemieux v. Cwalt, Inc., 2017 WL 365481, *1 (D. Mont. Jan. 25, 2017) (explaining that the advisory committee notes to Rule 201 state that it is not appropriate to request judicial notice of legal rulings, legal authority, or enactments of legislatures).

The Court also takes judicial notice of Exhibits 2 and 3 attached to the Lindner Plaintiffs' Opposition to Defendants' Motion to Dismiss as they are part of the administrative record of the Lindner Plaintiffs' case before the Kauai County Planning Commission.

Exhibit 2:      January 31, 2020 E-mail sent from Plaintiffs' Counsel Timothy Irons to Hearings Officer

Kimura attaching a Motion to Stay seeking to stay the administrative proceedings. (ECF No. 25-4); and,

Exhibit 3:     February 19, 2020 E-mail sent from Hearings Officer Kimura to the Parties, attaching a Minute Order Dismissing the administrative proceeding, entitled "MINUTE ORDER DISMISSING CONTESTED CASE" CC-2020-1, TMK: (4)4-9-009:001. (ECF No. 25-5).

## II.  Res Judicata

The doctrine of res judicata precludes parties and their privies from relitigating claims that were or could have been raised in an earlier action in which there is a final judgment on the merits.  Allen v. McCurry, 449 U.S. 90, 94 (1980).

The application of this doctrine is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.  Montana v. United States, 440 U.S. 147, 153 (1979).  A rule precluding parties from contesting matters that have already been fully and fairly litigated conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.  Id. at 153-54.

When sitting in diversity, federal courts must apply the law of the forum state to determine the preclusive effect of a state court judgment.  Pike v. Hester, 891 F.3d 1131, 1138 (9th Cir. 2018); ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 760 (9th Cir. 2014).

This Court looks to Hawaii law to determine whether res

judicata bars the Lindner Plaintiffs from seeking review of the decisions of the Kauai Planning Commission denying their Subdivision Applications for Lot 2.

## A.    Res Judicata Pursuant To Hawaii Law

Under Hawaii law, the doctrine of res judicata applies when:

(1)   the parties in the present action are identical to, or in privity with, the parties in the prior action;

(2)   the claim or cause of action asserted in the present action was or could have been asserted in the prior action; and,

(3)   a final judgment on the merits was rendered in the prior action.

Dannenberg v. State of Hawaii, 383 P.3d 1177, 1197 (Haw. 2016).

Res judicata, also known as claim preclusion, is a broad principle that prohibits the relitigation of all grounds and defenses that might have been properly litigated in the prior action, even if the claims were not actually litigated or decided in the earlier adjudication of the subject claim.  Id.; see also Clements v. Airport Auth. Of Washoe Cnty., 69 F.3d 321, 327 (9th Cir. 1995).

The doctrine of res judicata applies equally to matters litigated in Hawaii state court as well as to matters litigated before a State or County administrative agency acting in a judicial capacity.  Santos v. State Dep't of Transp., Kauai Div., 646 P.2d 962, 966 (Haw. 1982); Wehrli v. Cnty. of Orange, 175

F.3d 692, 694 (9th Cir. 1999).

### 1.    Parties In Privity

The doctrine of privity extends the conclusive effect of a judgment to parties who are in privity with the parties in an earlier action.  In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997).

The Complaint sets forth that Plaintiff Moloaa Farms LLC is a Hawaii limited liability company that owns an undivided 25 percent interest in Lot 2.  (Complaint at ¶ 1, ECF No. 1). Plaintiffs El Paso Investments Limited Liability Company, Boca Holdings, LLC and Robert B. Lindner, Jr., as Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012, each also own an undivided 25 percent interest in Lot 2.  (Id. at ¶¶ 2-4).

The Complaint explains that Plaintiff Moloaa Farms LLC was authorized to represent Plaintiffs El Paso Investments Limited Liability Company, Boca Holdings, LLC, and Robert B. Lindner Jr., as Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012, with respect to the Subdivision Application for Lot 2 that was filed with the Kauai Planning Department and appealed to the Kauai Planning Commission.  (Id. at ¶¶ 1, 41).

There is no dispute that the Lindner Plaintiffs are in privity to each other as to their application to develop Lot 2. Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052-53 (9th Cir. 2005) (explaining that privity exists when the person or

entity represents the same right with respect to the subject matter involved).

The named Defendants are the Kauai Planning Commission and the County of Kauai.  The Kauai County Planning Department and the Kauai County Planning Commission are not independent legal entities separate from the County of Kauai.  Coconut Beach Dev. LLP v. Baptiste, Civ. No. 08-00036 SOM-KSC, 2008 WL 1867933, *2 (D. Haw. Apr. 28, 2008) (explaining that the Kauai County Planning Department and the Kauai County Planning Commission are not independent legal entities separate from the County of Kauai and may not be sued pursuant to 42 U.S.C. § 1983).  The County and its Commission are both represented by Corporation Counsel and have their same interests for purposes of res judicata. Pedrina v. Chun, 97 F.3d 1296, 1302 (9th Cir. 1996).

## 2.   Same Claims Asserted In The Prior Litigation

Hawaii law precludes relitigation of claims that were actually litigated in the first action as well as all grounds or claims and defenses which might have been litigated in the first action but were not litigated or decided.  Santos, 646 P.2d at 966; see Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).

To determine whether a litigant is asserting the same claim in a second action, the Court must look to whether the claim asserted in the second action "arises out of the same

transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron Co., Inc., 795 P.2d 276, 279 (Haw. 1990) (citing Restatement (Second) of Judgments § 24 (1982)).

The Lindner Plaintiffs' claims in the Complaint arise from the same series of transactions that were subject to the administrative proceedings before the Kauai County Planning Commission, specifically: the denial of their Subdivision Applications for Lot 2.

The Lindner Plaintiffs argue that the claims in the Complaint are not identical to the claims raised before the Kauai County administrative agencies. Plaintiffs explain that their claims here involve federal constitutional claims that were not specifically raised below.

Plaintiffs also assert that their federal constitutional claims are not subject to res judicata because of a recently decided case by the United States Supreme Court. Plaintiffs rely on Knick v. Township of Scott, Pennsylvania, 139 S.Ct. 2162, 2170 (2019). Knick overturned the state-litigation doctrine of Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 197 (1985) that required a plaintiff to first exhaust a takings claim in state court before filing suit for constitutional claims in federal court. Knick allows a plaintiff to file a regulatory takings claim in federal court regardless of whether there was complete exhaustion

of the claim in state court.  See also David Callies, Regulatory
Takings After *Knick* 31 (2020) ("[T]he U.S. Supreme Court has
reopened the door of federal courts to regulatory taking claims.
The need for landowners to pursue a state action remedy—usually
compensation—in order to ripen has been eliminated by the Knick
decision").

A question has been raised as to whether the interplay
between Knick and the elements of res judicata under Hawaii state
law preclude relitigation of the claims here.

The Court need not reach the issue because Defendants have
not established that there was a final judgment issued by the
Kauai Planning Commission prior to Plaintiffs' lawsuit here.

### 3.   **Final Judgment**

The Hawaii Supreme Court recently explained the test for
determining the finality of judgments issued by the Kauai County
Planning Commission in Blake v. County of Kauai Planning
Commission, 315 P.3d 749, 760 (Haw. 2014).  In Blake, the Hawaii
Supreme Court ruled that a county agency's decision is "final"
when the agency provides its "definitive position" on a matter
being challenged, even if there are other approvals or conditions
that still need to occur.  Id.

Here, on June 25, 2019, the Kauai Planning Commission held a
meeting at which it stated that it was denying the Lindner
Plaintiffs' appeal on the record.  (Minutes from the June 25,

2019 Kauai Planning Commission Regular Meeting at pp. 3-5, attached as Ex. I to Def.'s Motion to Dismiss, ECF No. 18-10).

The Court cannot give preclusive effect to the June 25, 2019 decision because of the procedural history and subsequent acts of the Kauai County Planning Commission.

Four months after the June 25, 2019 meeting, on October 29, 2019, the Kauai Planning Commission referred the appeal to a Hearings Officer pursuant to Kauai Commission Rules of Practice § 1-9-4(b). The October 29, 2019 letter stated that the Planning Commission referred the Lindner Plaintiffs' appeal to the Office of Boards to conduct a contested hearing before a Hearings Officer. (October 29, 2019 Letter from Kauai Planning Commission to the Parties, attached as Ex. L to Def.'s Supp. Brief, ECF No. 40-2).

There is no evidence in the record as to why the County sent the letter to the Lindner Plaintiffs four months after the June 25, 2019 meeting. The plain language of the letter demonstrates that the Planning Commission was referring the matter for appointment of a Hearings Officer to conduct a contested case hearing on the Plaintiffs' appeal. (Id.)

There is no dispute that Hearings Officer Kimura was informed that he was instructed to conduct a contested case hearing on the matter.

On January 2, 2020, Hearings Officer Kimura sent an e-mail to the Parties to facilitate the scheduling of a hearing

following the issuance of the October 29, 2019 letter that appointed him.  (January 2, 2020 e-mail, attached as Ex. 2 to Pla.'s Opp., ECF No. 25-4).

On January 15, 2020, the Lindner Plaintiffs filed their federal lawsuit in this Court.  (Complaint, ECF No. 1).

On January 31, 2020, the Lindner Plaintiffs' counsel responded to the Hearings Officer's January 2, 2020 e-mail.  The Lindner Plaintiffs' counsel sent an e-mail to the Hearings Officer and attached a Motion to Stay, explaining that he was seeking a stay of the Hearings Officers' proceedings.  (January 31, 2020 e-mail and attached Motion to Stay filed before the Hearings Officer, attached to Ex. 2 to Pla.'s Opp., ECF No. 25-4).  The Lindner Plaintiffs indicated they wanted to pursue their claim in federal court rather than continuing proceedings with the Hearings Officer.

After receiving the January 31, 2020 Motion to Stay the administrative proceeding before the Hearings Officer, the Kauai Planning Commission terminated the proceedings before it.  On February 19, 2020, the Hearings Officer e-mailed a Minute Order dismissing the administrative proceeding, entitled "MINUTE ORDER DISMISSING CONTESTED CASE."  (Minute Order Dismissing Contested Case dated February 19, 2020, attached as Ex. 3 to Pla.'s Opp., ECF No. 25-5).

The federal court Complaint in this case was filed on January 15, 2020, before the February 19, 2020 final decision

dismissing the Lindner Plaintiffs' administrative appeal.

A month after the administrative proceedings were dismissed, on March 18, 2020, the Kauai Planning Commission sent another letter to the Plaintiffs.  (March 18, 2020 Letter sent by Kauai Planning Commission, attached as Ex. M to Def.'s Supp. Brief, ECF No. 40-3).  The letter stated the Kauai Planning Commission's October 29, 2020 letter appointing a Hearings Officer was "sent in error."  (Id.)  There is no explanation as to how or why it was sent in error.

Res judicata does not apply.  The administrative proceedings had not concluded before the federal lawsuit was filed.  Res judicata does not apply unless the administrative proceedings were completed before the federal suit was filed.  PennyMac Corp v. Godinez, 474 P.3d 264, 269-70 (Haw. 2020) (explaining that ongoing or continuing proceedings are not final for purposes of res judicata under Hawaii state law).

### B.   Res Judicata Only Applies To Decisions By State Administrative Agencies When There Was A Full And Fair Opportunity To Litigate The Claim

The United States Supreme Court has explained that the federal court shall only give preclusive effect to a final decision from a state administrative agency where there was a full and fair opportunity to litigate the claim.  Univ. of Tenn. v. Elliot, 478 U.S. 788, 799 (1986).

The United States Supreme Court articulated the "fairness

standard" in <u>United States v. Utah Constr. & Mining Co.</u>, 384 U.S. 394, 422 (1966).  The Supreme Court explained that a final administrative decision is entitled to preclusive effect if:

>  (1)   the administrative agency acts in a judicial capacity;

>  (2)   the agency resolved disputed issues properly before it; and,

>  (3)   the parties have an adequate opportunity to litigate.

>  <u>Id.</u>; <u>see</u> <u>also</u> <u>State ex rel. Hawaiian Homes Comm'n v. Dukelow</u>, 72 P.3d 498, *1 (Haw. 2003) (unpublished) (applying the three-part test to enforce res judicata in Hawaii state court over a state administrative decision).

The Hawaii Supreme Court has explained that an agency serves in an adjudicative role when it holds a hearing for which a direct appeal to Hawaii State Circuit Court is possible.  <u>Bush v. Hawaiian Homes Comm'n</u>, 870 P.2d 1272, 1278 (Haw. 1994); <u>Hawaii Gov't Employees' Ass'n, AFSCME Local 152 v. Pub. Employers Comp. Appeals Bd. Of State of Haw.</u>, 861 P.2d 747, 752 (Haw. App. 1993).

There was no final decision issued by the Kauai Planning Commission from which a direct appeal to the Hawaii Circuit Court was possible prior to the Complaint being filed in this case. <u>See</u> Section 1-6-18(f), (g), and (i) of Chapter 6 of the Rules for the Kauai Planning Commission (explaining that a final, written decision will be issued following taking of evidence and the presentation of oral argument which may be appealed to Hawaii State Court); <u>Blake</u>, 315 P.3d at 759-60; <u>see</u> <u>also</u> <u>Misischia v.</u>

<u>Pirie</u>, 60 F.3d 626, 629 (9th Cir. 1995).

Defendants have not established that the fairness criteria set forth in <u>Utah Construction</u> have been met.

<b><u>CONCLUSION</u></b>

The County Defendants' Motion to Dismiss Complaint (ECF No. 18) is **DENIED.**

IT IS SO ORDERED.

DATED: December 15, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

<u>Moloaa Farms LLC; El Paso Investments Limited Liability Company; Boca Holdings, LLC; and Robert B. Lindner, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012 v. Kauai Planning Commission; County of Kauai; John Does 1-10; Doe Corporations 1-10; and Doe Entities 1-10</u>, Civ. No. 20-00020 HG-KJM; **ORDER DENYING THE COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT (ECF No. 18)**