IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOLOAA FARMS LLC; EL PASO INVESTMENTS LIMITED LIABILITY COMPANY; BOCA HOLDINGS, LLC; ROBERT B. LINDNER, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KAUAI PLANNING COMMISSION; COUNTY OF KAUAI; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES, 1-10,<br><br>    Defendants. | CIV. NO. 20-00020 HG-KJM |

**ORDER APPOINTING SPECIAL MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53**

On March 29, 2022, the Court provided notice to the Parties of the intention to appoint Professor David L. Callies as a Special Master in these proceedings pursuant to Fed. R. Civ. P. 53(b)(1). The Court provided the Parties an opportunity to be heard as required under the Rule. (Id.)

On April 5, 2022, Defendants County of Kauai and Kauai Planning Commission filed their STATEMENT OF NO OPPOSITION TO APPOINTMENT OF SPECIAL MASTER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 53. (ECF No. 87).

On April 8, 2022, Plaintiffs filed their STATEMENT OF NO OPPOSITION REGARDING PROPOSED APPOINTMENT OF PROFESSOR DAVID L. CALLIES AS SPECIAL MASTER. (ECF No. 89).

1

On April 14, 2022, the Court held a hearing and reviewed the procedures and duties of the Special Master with the Parties.

Pursuant to Fed. R. Civ. P. 53(b), the Court appoints a Special Master in these proceedings, and **ORDERS** as follows:

1. Professor David A. Callies is tentatively appointed as Special Master in this action pursuant to Fed. R. Civ. P. 53(a), pending Professor Callies' submission of an affidavit pursuant to Fed. R. Civ. P. 53(b)(3)(A) disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

2. Pursuant to Fed. R. Civ. P. 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence in fulfilling the following duties:

    (a) to make recommendations on Defendants County of Kauai Planning Commission and County of Kauai's Motion for Summary Judgment (ECF No. 64) and to make recommendations on any other related motion or issue necessary to resolve the case;

    (b) to oversee and resolve any discovery issues that may arise before trial;

    (c) to conduct discovery conferences.

3. The Special Master's authority shall be defined as stated in Fed. R. Civ. P. 53(c) to regulate all proceedings, to take all appropriate measures to perform the assigned duties fairly and efficiently, and if conducting an evidentiary hearing, to exercise the appointing court's power to compel, take, and record evidence. The Special Master shall have the discretion to determine whether a hearing is necessary. The Special Master shall have the discretion to decide whether the hearing should be in-person, telephonic, or through video-teleconferencing.

4. The Special Master may impose on a party any noncontempt sanction provided by Fed. R. Civ. P. 37 or 45, and may recommend a contempt sanction against a party and sanction against a nonparty pursuant to Fed. R. Civ. P. 53(c)(2).

5. The Special Master may communicate ex parte with the Court regarding this case. No Party shall communicate

      with the Special Master ex parte unless the Special Master permits otherwise.

6. Any decision, ruling, or recommendation by the Special Master shall be filed and served pursuant to Fed. R. Civ. P. 53(d).  The timing, procedures, and standard of review for objections to any order, report, or recommendation issued by the Special Master shall be governed by Fed. R. Civ. P. 53(f).

7. All papers submitted by the Parties to the Special Master shall be filed with the Court, with courtesy copies delivered to the Clerk's Office.  The Special Master will specify the procedure for filing and lodging papers with him.

8. The Court adopts the Special Master's requested hourly rate of $500 per hour.  The costs of the Special Master shall initially be allocated on a 50/50 basis between Plaintiffs and Defendants.  The Special Master may determine a different allocation of his fees among the Parties, in accordance with Fed. R. Civ. P. 53(g)(3), for each motion or issue presented to the Special Master after considering the extent to which any party is more responsible than other parties for the costs.

9. The Special Master shall bill the Parties directly for his services.  Upon receipt of an invoice from the Special Master, counsel for the relevant Party shall pay the Special Master no later than seven (7) calendar days from the date of the invoice.

10. The Parties shall file a joint status report with the Court every ninety (90) days, starting after the date of this Order, until all proceedings before the Special Master are complete.

///

///

///

///

///

///

///

3

IT IS SO ORDERED.

DATED: April 21, 2022, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Moloaa Farms LLC; El Paso Investments Limited Liability Company; Boca Holdings, LLC; and Robert B. Lindner, Jr., Trustee of the ABL Family Legacy Trust U/A/D December 20, 2012 v. Kauai Planning Commission; County of Kauai; John Does 1-10; Doe Corporations 1-10; and Doe Entities 1-10, Civ. No. 20-00020 HG-KJM; **ORDER APPOINTING A SPECIAL MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53**